**Leevir Jamil DAGALY, Petitioner**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74090.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2008.

Filed April 14, 2008.

Douglas D. Nelson, Esq., San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Melissa S. Mundell, Esq., Savannah, GA, for Respondent.

Before: B. FLETCHER, FRIEDMAN,* SMITH, Circuit Judges.

* The Honorable Daniel M. Friedman, United   States Senior Circuit Judge for the Federal

## MEMORANDUM **

Leevir Jamil Dagaly, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' (BIA) decision denying asylum, withholding of removal, and relief under Convention Against Torture. Dagaly asserts persecution on account his Chaldean race, Catholic religion, and anti-Baath political opinion. Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. The Immigration Judge (IJ) found that Dagaly lacked credibility. We deny relief.

Where, as here, the BIA adopts the decision of the IJ as its own, we review the decision of the IJ. *See Tapia v. Gonzales,* 430 F.3d 997, 999 (9th Cir.2005). The IJ's factual findings are reviewed for substantial evidence and must be upheld unless the record compels a contrary result. *See Monjaraz–Munoz v. INS,* 327 F.3d 892, 895 (9th Cir.2003); 8 U.S.C. § 1252(b)(4)(B). Substantial evidence is "more than a mere scintilla." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "[T]he IJ must provide specific, cogent reasons for reaching an adverse credibility determination, and minor inconsistencies or factual omissions that do not go to the heart of the asylum claim are insufficient to support it." *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004) (citations omitted).

Here, the IJ determined that Dagaly failed to credibly establish his identity. We hold that the IJ supported his determination with specific, cogent reasons which go to the heart of Dagaly's asylum claim. *Singh,* 367 F.3d at 1143. The IJ noted

that Dagaly used falsified documents to effect his departure from Iraq and his travels to the United States. The IJ also found inconsistencies regarding Dagaly's place of birth between his birth certificate, his Certificate of Iraqi Citizenship, and his "Individual's card." Further, the IJ found that Dagaly's Certificate of Iraqi Citizenship contained a different name and birth date than the name he provided in his testimony. Dagaly's inability to credibly prove his identity goes to the heart of his claim because it prevents him from proving his relation to men that he claims are his father and his uncles and whose alleged assassinations form the basis of his claim of past persecution.

The IJ also supported the adverse credibility finding with several other reasons. For example, the IJ found that Dagaly's testimony that his mother and sister continue to live in Iraq without incident was inconsistent with Dagaly's stated fear of persecution upon return. *See Hakeem v. I.N.S.,* 273 F.3d 812, 816 (9th Cir.2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident . . . .") (internal citation omitted). The IJ further found that the document relied upon to establish the cause of death of Dagaly's purported father—according to Dagaly, an assassination that formed the basis of his claim of past persecution—was questionable. The apparent ease with which Dagaly changed his testimony back and forth when confronted with a discrepancy regarding his arrest date further bolsters the IJ's adverse credibility finding.

Accordingly, we hold that substantial evidence supports the IJ's adverse credibility

Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

determination. We do not reach the IJ's alternative findings that the harm Dagaly suffered, if credited, did not rise to the level of persecution and that his fear of future persecution was not objectively reasonable in light of changed country conditions in Iraq.

**PETITION DENIED.**